IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-CR-424-JFH |
| CLAYTON DWAYNE SWIFT, | |
| Defendant. | |

### OPINION AND ORDER

Before the Court is a Motion to Continue Pretrial Deadlines and Trial ("Motion") filed by the United States of America ("Government"). Dkt. No. 41. The Motion states that Defendant Clayton Dwayne Swift ("Defendant") does not oppose the requested continuance. *Id.* at 1. For the reasons set forth below, the Motion is GRANTED.

The Motion falls under Section 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* Factors considered include whether "the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*. § 3161(h)(7)(B)(iv).

As the Tenth Circuit has emphasized, the ends-of-justice continuance is intended to be a "rarely used tool" and should never be granted "cavalierly." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007). Having reiterated this point in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit further specified the circumstances in which an ends-of-justice continuance could be granted. Namely, the parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends-of-justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

In this case, counsel for the Government reports unexpected medical issues and asks to continue the pending pretrial deadlines and trial date by approximately one month. Dkt. No. 41 at 2. The Motion also indicates that the requested continuance "will provide the parties sufficient time to reach a pretrial resolution" after a ruling on Defendant's Motion to Suppress [Dkt. No. 37]. *Id.* The Court finds that Defendant has executed a speedy trial waiver, asking the Court to exclude any period of delay for an ends-of-justice continuance. Dkt. No. 42. In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends-of-justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Government's Unopposed Motion to Continue Pretrial Deadlines and Trial [Dkt. No. 41] is GRANTED. The jury trial set for March 16, 2026, at 8:45 a.m. is stricken, and the following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 4/10/2026 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 4/16/2026 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 4/16/2026 | by 4:00 pm |
| Jury trial: | 4/20/2026 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a [petition to enter plea of guilty](#) and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's [CHAMBERS RULES](#).

     IT IS FURTHER ORDERED that the time from March 16, 2026, inclusive, to April 20, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

     Dated this 4th day of March 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE