## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **Case No. 25-CR-424-JFH** |
| CLAYTON DWAYNE SWIFT, | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is a Report and Recommendation by the United States Magistrate Judge [Dkt. No. 47] on Defendant Clayton Dwayne Swift's Motion to Suppress ("Motion") [Dkt. No. 37]. Defendant moves to suppress all evidence obtained by the United States of America from the search and seizure of his electronic devices. He claims he was incapacitated by pain medication and subjected to coercion by law enforcement when giving his written consent for the search, which rendered his consent invalid and the ensuing search illegal under the Fourth Amendment. Dkt. No. 37. The Magistrate Judge convened a hearing on the Motion and, given the totality of the circumstances, concludes that Defendant's consent was freely and intelligently given and that the search was therefore lawful. Dkt. No. 47. Defendant objects to these conclusions, asserting, "[t]he totality of the circumstances here required suppression of the evidence found on [his] phone." Dkt. No. 51 at 2.

Defendant's objection to the Report and Recommendation amounts to a brief reiteration of the claims he raised in his Motion and at the hearing before the Magistrate Judge. He maintains:

> The agents' tactics here were subtle, but effective. They told Mr. Swift they wanted his phone because he was a victim, when in reality they were aware of allegations that his phone contained child pornography. They implied that he had no choice in the search of his phone because they would search it with consent or with a warrant. They did this while he was under the influence of pain medication.

*Id.* The Report and Recommendation addresses each of these contentions at length. Dkt. No. 47 at 8-14 (determining that an undisclosed, ulterior motive by law enforcement to search the devices based on allegations of crimes against children "did not deprive [Defendant] of the ability to make a fair assessment as to whether to consent," regardless of whether such motive actually existed; that "[Defendant] made no statements indicating a belief that his consent did not matter or that he had to consent"; and that "there is no evidence that [Defendant] was intoxicated at all, much less that such intoxication deprived him of his ability to know what he was doing").

In general, the Court must consider de novo any objection to a recommendation made by a magistrate judge on a dispositive matter. Fed. R. Crim. Pro. 59(b)(3); 28 U.S.C. § 636(b)(1)(C). However, the right to review is waived if a party fails to "serve and file specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition. Fed. R. Crim. Pro. 59(b)(2). In other words, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that general objections are insufficient to avoid application of the waiver rule in 28 U.S.C. § 636(b)(1) because "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."); *see also United States v. Goebel*, 959 F.3d 1259, 1265-66 (10th Cir. 2020) (acknowledging that the defendant-appellant was correct in asserting the magistrate judge and district court applied an erroneous standard to evaluate his motion to suppress but, nevertheless, holding that he had waived the issue by failing to contest that portion of the magistrate judge's report and recommendation in his objection).

In making his objection, Defendant does not specifically contest any of the factual findings, analyses, or authority contained in the Report and Recommendation.  Rather, he appears to have only a general disagreement with the Magistrate Judge's overall conclusion based on the totality of the circumstances.  Such an objection fails to meet Rule 59's specificity requirement and is therefore not entitled to de novo review.

Having reviewed the Report and Recommendation, the Court concurs with the Magistrate Judge's recommendation and will adopt it as the order of this Court.

IT IS THEREFORE ORDERED that Defendant's Objection to Report and Recommendation [Dkt. No. 51] is OVERULLED, and his Motion to Suppress [Dkt. No. 37] is DENIED.

Dated this 15th day of April 2026.

_____

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE